### PLATT ADAMS, EXR. &c. vs. JAMES G. ELLIOTT, Jr.

Where personal property has been sold on execution, and the funds arising from the sale have been kept together, and on an objection made to the actual and sufficient levy on a *portion* of the property sold, it was held that the extent and sufficiency of the levy was a fair question for a jury. And a motion for the payment over of the money on the sale will be denied without prejudice to claimant's right to bring an action against the sheriff.

*Motion by Edward J. Jaques, landlord, that the sheriff of the city and county of New York pay over to him, as landlord, the proceeds of the sales of the defendant's goods and chattels*—The sheriff, by virtue of an execution against Elliott, claimed to have levied upon the furniture, &c., in the Park Place House, New York; but the officer did not view the whole of the property alleged to have been levied upon; nor did he enter the rooms in which the principal portion of the property was contained. He took a receiptor's bond, the schedule attached to which, was insisted, embraced all the property in the house, whether the same had come under the view of the sheriff or not, under the claim, " lot of all other sundries on said premises." The property was sold 18th June ; the alleged levy took place on the 12th April. The rent for which the landlord claimed to be paid out of the proceeds of sale accrued on the first day of May.

HORACE F. CLARK, *Com. for landlord.*          C. F. GRIM, *Atty for land.*

JOHN N. TAYLOR, *Plffs Counsel.*          L. BENTON, *Plffs Atty.*

In support of the motion, it was insisted that there was no actual and

sufficient levy upon the property as against the landlord, prior to the accruing of the rent, that to constitute a valid and effectual levy as against third parties, it is essential that the property levied upon should come under the view of the officer. *Van Wyck* vs. *Pine*, 2 *Hill*, 666.

BEARDSLEY, Justice.—Held, that the extent and sufficiency of the levy were fair questions to be submitted to a jury, but that as the levy upon some portion of the property seemed to be sufficient, (some portion of the property having come under the view of the officer,) and inasmuch as the proceeds of the sale had been mingled by the sheriff, so that the court had not the power of discriminating; the motion should be denied, but without prejudice to the landlord's action against the sheriff.

Rule accordingly.